CHARLES R. PETIT, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT.

Argued March 23, 1914—Decided June 15, 1914.

1. Where a pedestrian, while attempting to cross defendant's railroad tracks at a time when the gates at the crossing were up, was struck upon the head and injured by the sudden lowering of the gates, without warning, the refusal of the court to order a nonsuit or to direct a verdict for defendant, where there was testimony to sustain the complaint, *held* proper.
2. The refusal of the court to charge that the duty of the railroad to the traveling public was fully performed when it supplied appliances of a standard character and kept them in repair, *held* proper.

On appeal from the Camden Circuit Court.

For the plaintiff, *Davis & Davis.*

For the defendant, *Gaskill & Gaskill.*

The opinion of the court was delivered by

MINTURN, J.   The complaint charged the defendant with the negligent operation of a crossing gate at the intersection of the railroad tracks with Mt. Vernon street, in Camden, on the evening of the 10th day of April, 1913, and alleged that as the plaintiff was passing under the gate it was suddenly lowered upon his head without warning, whereby he was injured.

The defendant denied that there was negligence on its part, and charged that there was contributory negligence on the part of the plaintiff in attempting to pass under the gate while it was being lowered for the passage of a train.

The questions of negligence and contributory negligence were raised upon motion to nonsuit at the close of the plaintiff's case, and upon motion to direct a verdict for the defendant upon the close of the whole case.

The plaintiff testified that he was going home about six or

a little after six o'clock in the evening, about the time the company was changing from day to night men at the crossing, on the side generally used by him; that as he came down the street he looked to see if a train was coming as he got near to the track; that he had to be close to the track to see, and as he walked under the gates something hit him on the head without any warning; that he saw the crossing gateman with the other gateman, who had come on for duty, standing by their "box" talking together. The box is located on the east side of the tracks and the plaintiff was approaching from the west side. That he was twenty-five feet from the crossing when he saw the crossing watchman; that at that time the gates were up and the men were doing nothing toward lowering the gates, and that while he walked from that distance to the track they made no movement to indicate a lowering of the gates, and that he did not know whether either of them lowered the gates since he became unconscious from the blow and suffered a loss of memory therefrom.

This testimony was more or less supported by the plaintiff's witnesses, and was met with contradiction in essentials by defendant's witnesses. The verdict was for the plaintiff, and the defendant appealed.

This recital of the facts quite manifestly presents the single inquiry whether under the circumstances the act of defendant's agent in lowering the gates at the crossing was negligently performed, and whether in view of the situation the conduct of the plaintiff can be characterized as contributory negligence.

There was testimony in the case from which a jury were free to infer an affirmative or negative answer to both or either of these inquiries, but the insistence of the defendant is that either upon the motion to nonsuit or upon the request to direct a verdict, the trial court should have determined these issues of fact and resolved them into legal conclusions adverse to the plaintiff. The legal rule is direct to the contrary. *Napodensky* v. *West Jersey and Seashore Railroad Co.,* 85 *N. J. L.* 336; *Munroe* v. *Pennsylvania Railroad Co.,*

*Id.* 688; *McCool* v. *West Jersey and Seashore Railroad Co.,* 81 *Id.* 479.

The legal contention of the defendant was presented in four requests to charge, three of which the trial court charged, refusing to charge the third. That request quite obviously is based upon a misconception of the plaintiff's legal position. The request was that "the duty of a railroad company for, the safety of the travelers on the highway from injury by the operation of trains is fully performed when the appliances furnished are of a standard character and in proper repair."

The plaintiff's ground of action was not a denial of the defendant's legal right to erect and maintain gates at the crossing, nor was it based upon the inquiry whether the gates were properly constructed and maintained at the crossing. Quite manifestly the defendant's rights in that respect were not in issue. The only issue presented by the complaint and by the testimony was whether this legal or assumed right, whatever the fact might be, was exercised with due care in operation. That the duty, even if it were an assumed one, would still involve the exercise of due care in its performance is a formula of the doctrine of misfeasance, as mature in legal history as the case of *Coggs* v. *Bernard,* 2 *Ld. Raym.* 909. *Steamboat Co.* v. *King,* 16 *How. (U. S.)* 469; *Todd* v. *Old Colony Railroad,* 3 *Allen (Mass.)* 18.

In either aspect the proffered request was properly refused by the trial court, for it cannot be seriously contended that the legal duty of the defendant to the traveling public ended with the erection of standard gates and appliances at the crossing.

The legislation upon the subject (*Pamph. L.* 1909, *p.* 137), as well as the reiterated adjudications of the courts, manifestly recognize the obligation of the defendant in the practical use and operation of its property to be co-extensive at least in legal contemplation with the fundamental maxim of civil government, *sic utere tuo ut alienum non laedas. Guardian Trust Co.* v. *Fisher,* 200 *U. S.* 57; *Berry* v. *Pennsylvania Railroad,* 48 *N. J. L.* 141.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.  12.

*For reversal*—None.